IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD A. GREEN,            *

    Petitioner,            *

v.                       *        Civil Action No. JRR-23-1593

WARDEN and          *
THE ATTORNEY GENERAL OF
THE STATE OF MARYLAND,   *

    Respondent.

*** 

**<ins>MEMORANDUM OPINION</ins>**

Petitioner Richard A. Green submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 12, 2023. ECF No. 1, 3. Respondent filed a Limited Answer on July 27, 2023, contending that the Court lacks jurisdiction. ECF No. 8.  Green has not filed a reply. The matter is ripe for review, and no hearing is necessary. *See* R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (noting petitioners are not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons outlined below, the Petition will be dismissed for lack of jurisdiction, and the Court will decline to issue a certificate of appealability.

## I.    BACKGROUND

On November 15, 2017, Green was charged by bill of information in the Circuit Court for Allegheny County, Maryland, Case No. CR-17-01-00057, on six charges related to the possession of controlled dangerous substances. ECF No. 8-1 at 7, 22. Following a bench trial on June 7, 2018, Green was found guilty of possession of cocaine, possession with the intent to distribute cocaine, and possession of oxycodone. *Id.* at 17-19, 128. Green was sentenced to eight years, all but four

years suspended, for the conviction of possession of cocaine with the intent to distribute, and six months concurrent, for possession of Oxycodone, to be followed by three years' supervised probation. *Id.* at 14-15, 128. Green appealed his conviction (*id.* at 14, 46-82), which was affirmed by the Appellate Court of Maryland on August 27, 2020. *Id.* at 127-141.

On March 4, 2019, while Green's direct appeal was pending, he filed a petition for postconviction relief. *Id.* at 14, 40-43. Green and the state compromised his postconviction claims through a Consent Order entered on August 26, 2019. *Id.* at 44. Green agreed to dismiss his postconviction claims in exchange for the state's agreement to not oppose Green's motions for drug and alcohol evaluation and treatment pursuant to MD. CODE ANN., HEALTH-GEN. §§ 8-505, 8-507. On September 4, 2019, the Circuit Court signed a Commitment Order to the Maryland Department of Health for In-Custody Evaluation for Drug or Alcohol Treatment. *Id.* at 45.

Green entered inpatient treatment on November 27, 2019. *Id.* at 103. On January 18, 2020, he filed a motion for modification of sentence. *Id.* at 10. On February 18, 2020, the Circuit Court held a hearing. *Id.* at 9. With no objection from the state, the court suspended the remainder of Green's sentence and imposed 24 months of probation with conditions. *Id.* at 9, 118. On February 20, 2020, Green was released from inpatient drug and alcohol treatment to an outpatient program. *Id.* at 124.

On June 21, 2021, Green's probation officer submitted a report informing the Circuit Court that Green incurred new charges in Baltimore County, including driving while under the influence of alcohol and driving while impaired by a controlled dangerous substance. *Id.* at 143. The Circuit Court responded on the same day and requested that the probation officer "advise after adjudication of new charges." *Id.* at 146. On October 28, 2022, Green's probation officer filed a "Request to Close Unsatisfactory" with the Circuit Court. *Id.* at 147-151. The report indicated that Green had

been found guilty on June 10, 2022, of driving under the influence of a controlled dangerous substance but his probation supervision expired on February 20, 2022. *Id.* at 147.  On October 31, 2022, the Circuit Court authorized the closure of Green's probation case, with payment obligations to be referred to the State Collection Unit. *Id.* at 150.

Green's federal habeas petition challenges his Allegheny County state conviction in Case No. CR-17-01-00057 of possession of cocaine, possession with the intent to distribute cocaine, and possession of oxycodone. ECF No. 1, 3. He argues: (1) his counsel was ineffective for laboring under a conflict of interest (ECF No. 1 at 5, ECF No. 3 at 6), (2) the warrant was never produced (ECF No. 1 at 5, ECF No. 3 at 6), (3) his counsel was ineffective for conspiring with the state to have him "railroaded" (ECF No. 1 at 5, ECF No. 3 at 5), (4) one of the charges related to a prescribed medication (ECF No. 1 at 5), and (5) ineffective assistance of counsel because the forensic reports had the wrong date. (ECF No. 3 at 5).[1]

**II. ANALYSIS**

The Supreme Court has made unmistakably clear that a § 2254 petitioner must, at the time his or her petition is filed, be "in custody" pursuant to the contested state conviction or sentence. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989) (citing *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968)). It is equally clear that § 2254's requirement that a habeas petitioner be "in custody" pursuant to the contested state conviction raises a threshold jurisdictional question. *Id.* at 490 (stating that "[t]he federal habeas statute gives the United States district courts' jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States'") (emphasis in original). It is also well-settled that "[o]nce the sentence imposed for a conviction has *completely expired,* the collateral

---

[1] For clarity, the claims have been renumbered and rephrased.

consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492 (emphasis added).

Here, Green challenges the constitutionality of his Allegheny County state convictions for of possession of cocaine, possession with the intent to distribute cocaine, and possession of oxycodone. An ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254. *See, e.g., Jones v. Cunningham,* 371 U.S. 236, 242 (1963). But Green's probation was not ongoing when he filed his Petition because it was terminated on October 31, 2022. ECF No. 8-1 at 118. Green's sentence had completely expired, and he was not "in custody" for purposes of § 2254 when he filed his Petition on June 12, 2023.

Because Green challenges a state conviction with a sentence that had completely expired by the time he filed his federal habeas Petition, the Court lacks subject matter jurisdiction.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Green

has not made the requisite showing, the Court declines to issue a certificate of appealability. Green may nevertheless request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III.    CONCLUSION

For the foregoing reasons, Green's Petition for Writ of Habeas Corpus will be dismissed and a certificate of appealability will not be issued. A separate Order follows.


March 18, 2026

/S/

_____

Julie R. Rubin
United States District Judge

5